UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC RESTELLINI,<br><br>        Plaintiff,<br><br>        v.<br><br>THE WILDENSTEIN PLATTNER INSTITUTE, INC. and FONDS WILDENSTEIN PLATTNER INSTITUTE FRANCE,<br><br>        Defendants. | 20 Civ. 4388 (AT) (GWG) |
| THE WILDENSTEIN PLATTNER INSTITUTE, INC.,<br><br>        Counterclaimant,<br><br>        v.<br><br>MARC RESTELLINI,<br><br>        Counterclaim-Defendant,<br><br>and INSTITUT RESTELLINI SAS – DOCUMENTATION CENTRE,<br><br>        Additional Counterclaim-Defendant. | |

**STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF <u>CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION</u>**

**WHEREAS**, the parties have stipulated and agreed to the terms, and jointly moved this Court for entry, of this protective order (the "Order"), and the Court having found that good cause exists for entry of the Order;

1

**IT IS HEREBY ORDERED** as follows:

1. This Order shall govern all documents, the information contained therein, and all other information produced or disclosed in the above-captioned action, whether revealed in a document, deposition or other testimony, discovery response or otherwise, by any party or any third party to any party and by any party to any third party when the same is designated using the procedures set forth herein.

2. This Order is binding upon the parties, as well as their respective attorneys, agents, representatives, officers, employees, and others as set forth in this Order.

3. Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing that: (a) is alleged to contain proprietary information or competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) contains private or confidential personal information, including personal data subject to federal, state, and/or foreign data protection laws or other privacy obligations, including without limitation Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data ("General Data Protection Regulation" or "GDPR"); (c) contains information received in confidence from third parties; or (d) the designating party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure (hereinafter "Confidential Information"). Any party to this litigation or any third party covered by this Order, who produces, discloses, or receives in this litigation any Confidential Information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall be entitled to mark the same—or where

2

impractical to label via a cover letter—with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

4. Any party to this litigation shall have the right to designate as "Highly Confidential," and subject to this Order, any information, document, or thing, or portion of any document or thing that is alleged to contain trade secrets or other highly confidential research, development, or commercial information (hereinafter "Highly Confidential Information"). Any party to this litigation who produces, discloses, or receives in this litigation any Highly Confidential Information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall be entitled to mark or designate the same—or where impractical to label via a cover letter—with the following or similar legend: "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Highly Confidential"). Where the nonproducing party is the designating party, it shall designate the Highly Confidential Information as such via responsive communication or cover letter.

5. If the designating party is not the producing party, the designating party shall notify the producing party of its intent to designate documents as Confidential and/or Highly Confidential within thirty (30) days of receipt of the Confidential and/or Highly Confidential documents. Thereafter, within fourteen (14) days of notification, the producing party shall mark the designated documents in accordance with the designating party's designation, unless the producing party challenges such designation. If the producing party challenges the designating party's designation, the parties shall follow the procedures set forth in Paragraph 10, and the producing party shall not be required to mark the designated documents in accordance with the designating party's designation until the Court resolves the dispute. If the producing party does

3

not challenge the designation by the designating party or the Court determines that the documents should be treated as Confidential or Highly Confidential, as the case may be, the designating party shall mark the designated documents as such and re-produce them to the producing party, newly marked as Confidential or Highly Confidential, and bearing the same identifying information, such as Bates number, originally placed on them by the producing party.

6. All Confidential and Highly Confidential Information shall be used by the receiving party solely for purposes of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 7, and subject to Paragraphs 7 through and including Paragraph 11, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. The parties' use of any Confidential or Highly Confidential Information—whether by the receiving or disclosing party— is also limited by the parties' Stipulation and Proposed Order Preserving *Status Quo*.

7. Confidential and Highly Confidential Information may be disclosed only to the following individuals and entities under the following conditions:

    a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b. Outside experts or consultants retained by outside counsel for purposes of this action, subject to the procedures and limitations set forth in Paragraphs 9 and 10 and provided that each individual expert and individual doing work on behalf of such expert has signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c. Secretarial, paralegal, clerical, duplicating and data processing

personnel of the foregoing;

d. The Court and court personnel, subject to the requirement that the party seeking to disclose any Confidential or Highly Confidential Information to the Court and court personnel use its best efforts to cause such Confidential and Highly Confidential Information to be filed under seal, as further set forth in Paragraph 15;

e. Any deponent or potential witness, provided that such witness has personally signed a non-disclosure agreement in the form attached hereto as Exhibit A and it appears that the witness: (i) authored or received a copy of it; (ii) was involved in the subject matter described therein; or (iii) is employed by the party who produced the information, document or thing, except that no witness shall be given a copy of any Highly Confidential Information, except as otherwise provided in this Order, including Paragraph 10(a-c);

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials provided that such vendors have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

g. The parties. In the case of parties that are corporations or other business

entities, "party" shall mean employees, officers, directors, and outside counsel and legal staff of any party who are necessary to participate in decisions with reference to this lawsuit;

h.  The Wildenstein Institute, provided that the Wildenstein Institute and any employees, officers, directors, and outside counsel and legal staff of the Wildenstein Institute agree in writing to be bound by the terms of this Order by signing a non-disclosure agreement in the form attached hereto as Exhibit A; and

i.  Insurance companies that may be liable to satisfy all or part of a possible judgment in this action, to indemnify or reimburse for payments made to satisfy the judgment, and/or to cover or reimburse a party for fees and costs incurred in this action, provided each such insurance company agrees in writing to be bound by the terms of this Order by signing a non-disclosure agreement in the form attached hereto as Exhibit A.

8. Confidential and Highly Confidential Information shall be used only by individuals permitted access to it in the manner described in Paragraph 7. Confidential and Highly Confidential Information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless: (a) outside counsel for the party that designated the information as Confidential or Highly Confidential waives the claim of such confidentiality; or (b) the Court permits such disclosure.

9. Outside experts or consultants as described in Paragraph 7(b) are those persons with specialized knowledge or experience in a matter pertinent to the litigation who have been

4826-3988-4273

retained pursuant to a written agreement by a party or its counsel to serve as an expert witness or consultant in this action.

10. The following additional procedures will apply to the disclosure of Highly Confidential Information to deponents or potential witnesses and outside experts or consultants as described in Paragraphs 7(b, e):

    a. If a party has designated any information, document, or thing, or portion of any document or thing as Highly Confidential, the non-designating party shall have 14 days from the receipt of such designation to object to such designation. Any such objection must set forth in reasonable detail the grounds on which it is based.

    b. Upon receipt of any such objection, the designating party shall meet and confer with the objecting party within seven days of the written objection and attempt to resolve the dispute by agreement.

    c. If the parties are unable to resolve the dispute, within 14 days, the designating party shall follow the procedure set forth in Section 2.A of the Court's Individual Practices with respect to Discovery Motions, in support of the application of the conditions on disclosure of Highly Confidential Information, as set forth in Paragraphs 7(b, e).

    d. If the Court finds good cause for the application of any such conditions, then:

        (1) the limits on the provision of Highly Confidential Information to deponents and potential witnesses as set forth in Paragraph 7(e) shall apply; and

7

(2)     a party that seeks to disclose to an expert or consultant any Highly Confidential Information first must make a written request to the designating party that: (a) identifies the general categories of Highly Confidential Information that the party seeks permission to disclose to the expert or consultant; (b) sets forth the full name of the proposed expert or consultant; (c) includes the curriculum vitae of the proposed expert or consultant; and (d) includes an executed copy of the non-disclosure agreement in the form attached hereto as Exhibit A.

(3)     A party that makes a request and provides the information specified in the preceding subparagraph may disclose the subject Highly Confidential Information to the proposed expert or consultant unless, within 14 days of delivering the request, the party receives a written objection from the designating party. Any such objection must set forth in reasonable detail the grounds on which it is based, must be based on counsel's good faith belief that disclosure to the proposed expert or consultant would threaten the business of the objecting party, and must set forth how disclosure to the proposed expert or consultant would threaten the business of the objecting party. Approval of proposed experts or consultants must not be unreasonably held.

(4)     A party that receives a timely written objection must meet and confer with the objecting party within seven days of the written

8

        objection to attempt to resolve the matter by agreement. If the parties are unable to resolve the dispute, within 14 days, the objecting party shall follow the procedure set forth in Section 2.A of the Court's Individual Practices with respect to Discovery Motions in opposing the disclosure of Highly Confidential Information to the proposed expert or consultant.

    (5) If the party seeking to disclose the Highly Confidential Information to the proposed expert or consultant reasonably believes that some portion of its opposition to the motion involves the disclosure of work product, legal strategy, mental impressions, or other privileged information, the disclosing party shall submit such portion of its opposition to the Court *ex parte*, pending further ruling of the Court about whether such portion should be disclosed to the objecting party.

  11. If a party wishes to disclose Confidential or Highly Confidential Information to one or more persons not permitted to receive it under the terms of this Order, it may approach the other party and seek his or its consent to do so. If the party agrees, then the parties may enter into a written stipulation so providing without needing to submit the stipulation to the Court. If the parties are unable to agree, the party seeking to make disclosure may seek relief from the Court.

  12. Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any producing party from using documents or information that it possesses that may be designated as Confidential or Highly Confidential for any purpose consistent with Paragraph 5,

other than as set forth in the parties' Stipulation and Proposed Order Preserving *Status Quo*. Any party that has designated information as Confidential or Highly Confidential may withdraw or modify any such designation.

13. With respect to any depositions (including exhibits) that involve a disclosure of Confidential or Highly Confidential Information designated by a party to this action, such party shall designate portions of the transcript (including exhibits) which contain documents or information designated as Confidential or Highly Confidential by making a statement to such effect on the record in the course of the deposition or by letter within thirty (30) days after receipt of the deposition transcript, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 7(a), (b), (c), (d), (e), (f), (g), (h) and (i) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 7(a), (b), (c), (d), (e), (f), (g), (h) and (i) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Highly Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 6 and 7.

14. Material produced and marked as Confidential or Highly Confidential may be disclosed only to the individuals described in Paragraphs 7(a), (b), (c), (d), (e), (f), (g), (h) and (i) above, or to such other persons as counsel agree in advance pursuant to Paragraph 11, or as permitted by the Court.

15. All requests to file sealed or redacted documents shall be made in accordance with the Court's Individual Practices.

16. If the need arises during trial or at any hearing before the Court for any party to disclose documents or information designated as Confidential or Highly Confidential, it may do so only after giving notice to the designating party and as directed by the Court.

17. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Highly Confidential Information that should have been designated as Confidential or Highly Confidential, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by written notification to counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Highly Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Highly Confidential under this Order.

18. When the inadvertent or mistaken disclosure of any information, document or thing protected by attorney-client privilege, work-product, or any other privilege or immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with ==Federal Rule of Civil Procedure 26(b)(5)(B)==. Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of attorney-client privilege, work-product, or any other privilege or immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege or immunity if appropriate within a reasonable time after receiving notice of the inadvertent or

11

mistaken disclosure.

19. No information that is in the public domain, which is already known by the receiving party through proper means, or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Highly Confidential Information under this Order.

20. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or relief from any of its terms.

21. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

22. Upon final conclusion of this litigation, each party or other individual or entity subject to the terms hereof shall be under an obligation to assemble and return to the originating source all originals and unmarked copies of documents and things containing Confidential or Highly Confidential Information and to destroy, should such source so request, all copies of Confidential or Highly Confidential Information that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential or Highly Confidential Information; provided, however, that counsel may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto, for archival purposes subject to the provisions of this Order. To the extent a party requests the return of Confidential or Highly Confidential Information from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such

relief.

        AGREED TO BY:

        MARC RESTELLINI and INSTITUT RESTELLINI SAS
         – DOCUMENTATION CENTRE

            /s/
By: _____
      Daniel W. Levy
      Eliza Beeney
      McKool Smith P.C.

*Attorneys for Plaintiff-Counterclaim Defendant and Additional Counterclaim Defendant*

Dated: August 7, 2021


        THE WILDENSTEIN PLATTNER INSTITUTE, INC.
        and FONDS WILDENSTEIN PLATTNER
         INSTITUTE FRANCE

            /s/
By: _____
      William L. Charron
      Megan E. Noh
      Daniel V. Derby
      Pryor Cashman LLP

*Attorneys for Defendant-Counterclaimant and Defendant*

Dated: August 7, 2021


SO ORDERED:

*/s/ Gabriel W. Gorenstein*
_____
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge

Dated: August \_\_9\_\_, 2021

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC RESTELLINI,<br><br>   Plaintiff,<br><br>   v.<br><br>THE WILDENSTEIN PLATTNER INSTITUTE, INC. and FONDS WILDENSTEIN PLATTNER INSTITUTE FRANCE,<br><br>   Defendants. | 20 Civ. 4388 (AT) (GWG)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| THE WILDENSTEIN PLATTNER INSTITUTE, INC.,<br><br>   Counterclaimant,<br><br>   v.<br><br>MARC RESTELLINI,<br><br>   Counterclaim-Defendant,<br><br>and INSTITUT RESTELLINI SAS – DOCUMENTATION CENTRE,<br><br>   Additional Counterclaim-Defendant. | |

  I, _____, pursuant to Title 28, United States Code, Section 1746, declare under penalty of perjury that:

  1. My address is _____.

  2. My present employer is _____ and the address of my present employment is _____. If

4826-3988-4273

applicable: I am authorized to execute this Agreement to be Bound by Protective Order on behalf of _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Stipulation and Protective Order Governing the Production and Exchange of Confidential and Highly Confidential Information (the "Order") in this case signed by the Court.

5. I will comply with all provisions of the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order.

6. I will hold in confidence and not disclose to anyone not qualified under the Order any Confidential Information or any words, summaries, abstracts, or indices of Confidential or Highly Confidential Information disclosed to me.

7. I will limit use of Confidential or Highly Confidential Information disclosed to me solely for purpose of this action.

8. Not later than the final conclusion of this action, I will return and/or destroy all Confidential and Highly Confidential Information and summaries, abstracts, and indices thereof that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party for whom I was employed or retained. At or about the same time, I will also describe in writing and with reasonable detail the procedures that I have employed to search for and destroy all Confidential and Highly Confidential Information and summaries, abstracts, and indices thereof that come into my possession, and documents or things that I have prepared relating thereto, including in electronic form, and will disclose such description to counsel for all parties.

4826-3988-4273

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
[Name]

4826-3988-4273